GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Special Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6595
Facsimile: (213) 894-7177
E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

E-Filed: 03.25.10

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FIVE PARCELS OF REAL PROPERTY LOCATED IN RIVERSIDE COUNTY, CALIFORNIA (ADRIAN C. LOPEZ),<br><br>Defendants.<br>_______________<br>GLENDORA LOPEZ, ALMA FERNANDEZ ACOSTA, JESUS ISABEL ACOSTA LOPEZ, AND ELVIA AGUAYO,<br><br>Claimants. | NO. CV 08-4315 MMM (JCx)<br><br>[PROPOSED]<br><br>CONSENT JUDGMENT OF FORFEITURE |

By the signatures hereunder, plaintiff United States of America ("the United States" or "Plaintiff"), titleholders Jesus Isabel Acosta Lopez ("J. Lopez"), Alma Fernandez Acosta

("Acosta"), Elvia Aguayo ("E. Aguayo"), Vanessa Aguayo ("V. Aguayo") and Blanca Barajas ("Barajas") and claimants Glendora Lopez ("G. Lopez"), Acosta, J. Lopez, and E. Aguayo (collectively "the parties") request that the Court enter this Proposed Consent Judgment of Forfeiture ("Judgment").

The complaint in this civil forfeiture action was filed on June 30, 2008, alleging that the five defendant real properties located in Riverside County, California ("defendant real properties") were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and (7).  Notice was given and published in accordance with law.  J. Lopez, Acosta, E. Aguayo, V. Aguayo and Barajas are the current titleholders on the defendant properties.  G. Lopez, J. Lopez, Acosta, and E. Aguayo have filed claims and answers.  No other claims or answers were filed and the time for filing claims and answers has expired.  The agreement set out in this Proposed Consent Judgment is dispositive of this action.

The parties have agreed to settle this forfeiture action and to avoid further litigation.

The Court has been duly advised of and has considered the matter.  Based upon the mutual consent of the parties,

///

///

///

**IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter of this action and the defendant real properties.

2. The Complaint for Forfeiture states claims for relief against the defendant real properties pursuant to 21 U.S.C. § 881(a)(6) and (7). All potential claimants other than G. Lopez, J. Lopez, Acosta and E. Aguayo are hereby deemed to have admitted the allegations of the complaint.

3. Notice of this action has been given as required by law. There are five defendant real properties involved in this litigation. The parties waive the requirements of Local Rule 79-5.4(e) to be able to effectuate this Judgment. Three of the defendant properties shall be sold or transferred and the net proceeds of sale forfeited [1].

4. The three defendant properties to be forfeited are:

a. Real property at 74250 Goleta Avenue, Palm Desert, California 92260, and more particularly described as:

THE PROPERTY IN THE CITY OF PALM DESERT, RIVERSIDE COUNTY, STATE OF CALIFORNIA, DESCRIBED AS: LOT 77 OF PALM VILLAGE GARDEN TRACT, IN THE CITY OF PALM DESERT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 21, PAGES 56 AND 57 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA. EXCEPTING

---

[1] The United States agrees to withdraw its efforts to forfeit two defendant real properties, more specifically described as: Real property at 43608 Arabia Street, Indio, California 92201; and Real property at 21205 Smith Road, Desert Hot Springs, California 92241.

THEREFROM ALL STANDIG, FLOWING AND PERCOLATING WATER OR WATERS IN OR UNDER AND WITHIN THE HEREIN DESCRIBED PROPERTY, AS RESERVED BY MOLLINE INVESTMENT COMPANY, BY INSTRUMENT RECORDED OCTOBER 23, 1946 IN BOOK 782, PAGE 394 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA. SUBJECT TO: COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, RIGHTS, RIGHTS OF WAY AND EASEMENTS OF RECORD.

ASSESSOR'S PARCEL NO. 625-021-018-9

b. Real property at 416 West Dominguez Road, Palm Springs, California 92262[2], and more particularly described as:

LOT(S) 5 IN BLOCK D OF SPAULDING PALM SPRINGS ESTATES, IN THE CITY OF PALM SPRINGS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 20 PAGES(S) 72 AND 73, OF MAPS, IN THE OFFICE OF THE COUNTY RCORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NO. 504-093-012-2

c. Undeveloped real property 1.24 acres East of Indian Avenue, North Palm Springs, County of Riverside, California 92258, and more particularly described as:

THE WEST HALF OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 3 SOUTH, RANGE 4 EAST, SAN BERNARDINO BASE AND MERIDIAN. ALSO

---

[2] Real property at 416 West Dominguez Road, Palm Springs, California has a lien in the amount of $275,000.00 in the name of MortgageIT, Inc. MERS, as nominee for MortgageIT, Inc. and its successors and assigns, was notified of this action via certified mail on July 1, 2008. Plaintiff also recorded a lis pendens on July 2, 2008. On January 8, 2010, Claimants' counsel informed Plaintiff's counsel that this home loan lien is now in the name of Bank of America Home Loans (Account No. xxxxx8457). Although no parties filed a claim related to this lien, the United States will recognize this lien as outlined in paragraph 5 and will relinquish Bank of America Home Loans or its successors or assigns from its obligation to file a claim in this litigation.

        KNOWN AS 1.24 ACRES EAST OF INDIAN AVE., NORTH PALM SPRINGS, CA, 92258.

        ASSESSOR'S PARCEL NO. 666-250-008

(Collectively referred to as "forfeited defendant properties").

    5.   The forfeited defendant properties shall be sold for fair market value by the United States, and the United States has the power to transfer valid title to the forfeited defendant properties.  Each of the three forfeited defendant properties will be handled separately so any proceeds or debts on each will only be accessed or credited to that particular property.  The proceeds of any sales shall be distributed for each property individually as follows:

        a.   First, payment of all outstanding real property taxes owed to the Los Angeles County Tax Collector, up to and including the date the Court enters this Judgment;

        b.   Second, payment of all costs of management, escrow and sale, including real estate sales commissions and all fees triggered by the sales of the forfeited defendant properties.

        c.   Third, to the extent funds remain from the sale of the real property at 416 West Dominguez Road in Palm Springs, California only, all unpaid principal and interest due on the lien in favor of Bank of America Home Loans or its successors or assigns, as well as all unpaid interest and other fees or costs

in favor of Bank of America Home Loans, including advances for payment of property tax and hazard insurance, if any, incurred prior to the government's sending of notice of this action; and,

      d.   Fourth, to the extent funds remain, said funds (the "Net Proceeds") shall be the property of the United States, and not other right, title or interest shall exist therein.

    6.   All occupants of the forfeited defendant properties in paragraph 4 shall remove their personal property from the forfeited defendant properties on or before April 30, 2010.  The parties shall notify Plaintiff's counsel immediately after such personal property has been removed.

    7.   If any occupants fail to remove their personal property on or before April 30, 2010, the United States (including, but not limited to, United States Department of Homeland Security – U.S. Customs and Border Protection, its agents, and its contractors) may enter and take possession of the forfeited defendant properties by whatever reasonable means are necessary to remove and dispose of the personal property, without further notice or court order.

    8.   All occupants of the forfeited defendant properties shall vacate these forfeited defendant properties on or before April 30, 2010.  Claimants shall immediately terminate all leases as to the property, and shall provide a copy of this

Judgment to all adult residents of the forfeited defendant properties within seven (7) calendar days of the entry of this Judgment.  (The United States may also serve this Judgment on the occupants.)

    9.   If the occupants fail to vacate the forfeited defendant properties on or before April 30, 2010, the United States (including, but not limited to, United States Department of Homeland Security – U.S. Customs and Border Protection, its agents, and its contractors) shall be authorized to enter and take possession of the forfeited defendant properties by whatever reasonable means are necessary and to evict all residents/occupants and remove their personal property, without further notice or court order.

    10.   The titleholders shall maintain appropriate policies of insurance on the forfeited defendant properties effective through April 30, 2010, including policies covering potential liability for personal injury or property damage occurring on or around each of the defendant properties.  Not later than seven (7) calendar days after the date the titleholders sign this Judgment, they shall provide Plaintiff's counsel a copy of each insurance policy currently in effect, including amendments.

    11.   The parties shall execute any and all further documents to the extent necessary to convey clear title of the

forfeited defendant properties and to further implement the terms of this Judgment.

12. J. Lopez, G. Lopez, Acosta, E. Aguayo, V. Aguayo and Barajas hereby release the United States of America, its agencies, officers, and employees, including employees of the United States Department of Homeland Security – U.S. Customs and Border Protection, their agents, officers, and employees, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs, or interest on behalf of J. Lopez, G. Lopez, Acosta, E. Aguayo, V. Aguayo and Barajas, whether pursuant to 28 U.S.C. § 2465 or otherwise.

13. The Court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

14. The Court further finds that J. Lopez, G. Lopez,

/ / /

/ / /

/ / /

/ / /

Acosta, E. Aguayo, V. Aguayo and Barajas did not substantially prevail in this action, and each party shall bear their own attorney's fees and other costs of litigation.

15. The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this Judgment.

DATED: March 31, 2010

Margaret M. Morrow
THE HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

**[Signatures of parties appear on the next page.]**

**Approved as to form and content:**

CONSENT

The government and J. Lopez, Acosta, E. Aguayo, V. Aguayo and Barajas consent to entry of this Judgment and waive any right of appeal.

DATED: February _, 2010

GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

______________________________
KATHARINE SCHONBACHLER
Special Assistant United States Attorney
Attorneys for Plaintiff
United States of America

DATED: February _, 2010

LAW OFFICE OF JAMES J. WARNER

______________________________
FREDERICK M. REICH, ESQ.
Attorney for Claimants
GLENDORA LOPEZ, ALMA FERNANDEZ ACOSTA, JESUS ISABLE ACOSTA LOPEZ, AND ELVIA AGUAYO

DATED: February _, 2010

______________________________
BLANCA BARAJAS

DATED: February _, 2010

______________________________
VANESSA AGUAYO